UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9009 FMO (PLAx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | Robert Bosch GmbH, et al. v. Chase Murdoch, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On December 5, 2016, plaintiffs Robert Bosch GmbH and Robert Bosch, LLC ("plaintiffs") filed a Complaint against defendants Chase Murdoch, Jack Stewart, and Mile High Auto Parts ("defendants") alleging various federal and common law trademark violations. (See Dkt. 1, Complaint at ¶¶ 30-59). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 11). Plaintiffs allege that venue is proper because "a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California." (Id. at ¶ 12).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiffs are citizens of Germany, Delaware, and Illinois, (see Dkt. 1, Complaint at ¶¶ 2-3), the individual defendants are citizens of Colorado, (see id. at ¶¶ 4-5 & 8), and plaintiffs as of yet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9009 FMO (PLAx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | Robert Bosch GmbH, et al. v. Chase Murdoch, et al. | | |

do not know the citizenship of entity defendant Mile High Auto Parts.[1]  (See id. at ¶ 7).  Plaintiffs allege that jurisdiction and venue is proper in the Central District of California because, "[r]ecently, a Bosch agent placed an order from the Central District of California to purchase products from Defendants," which defendants then shipped to the Central District of California.  (See id. at ¶ 25).  However, "the plaintiff cannot be the only link between the defendant and the forum."  Walden, 134 S.Ct. at 1122.  Other than the actions of plaintiffs' agent, plaintiffs do not allege any specific contacts between defendants and California, nor do plaintiffs allege how their causes of action arise out of or relate to those contacts.  (See, generally, Dkt. 1, Complaint).  Plaintiffs also do not allege any facts showing that the events giving rise to this litigation occurred in this district.  (See, generally, id.).

      Accordingly, IT IS ORDERED that no later than **December 19, 2016**, plaintiffs shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1] Plaintiffs also allege that defendants sold their purportedly infringing products on eBay.  (See Dkt. 1, Complaint at ¶¶ 6, 8 & 48).  eBay is a Delaware corporation with its principal place of business in San Jose, California, which is located within the Northern District of California.